UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIK GOTHBERG,<br><br>          Plaintiff,<br>     v.<br><br>TOWN OF PLAINVILLE, MATTHEW CATANIA, JON ENO, DEAN CYR, ROBERT JAMES NACCARATO, ESQ. ADMINISTRATOR, TOWN OF SOUTHINGTON, MICHAEL SHANLEY, JAY SUSKI, AND SCOTT WOJENSKI<br><br>          Defendants. | 3:13 - CV - 01121 (CSH)<br><br>May 6, 2015 |

**RULING AND ORDER ON MOTION TO AMEND THE COMPLAINT**

**HAIGHT,** Senior District Judge

Plaintiff has filed a motion for leave to amend his complaint and a proposed second amended complaint ("proposed pleading"). Doc. [88]. The proposed pleading seeks to substitute as a party-defendant, James P. Shanley, executor of the estate of Michael Shanley, for the late Michael Shanley, a defendant in this lawsuit who passed away last September. Doc. [71-1]. Defendants Town of Southington, Michael Shanley, Jay Suski a/k/a John Suski and Scott Wojenkski ("Southington Defendants") oppose Plaintiff's motion to amend the complaint, claiming principally that the motion to amend is procedurally improper and that amending the complaint would be futile. Subject to the caveats discussed below, we think that the motion to amend the complaint is not procedurally improper and that whether or not the proposed pleading is futile is a substantive question to be determined following a hearing on Plaintiff's related motion to substitute James P. Shanley for the late Michael Shanley (or "motion to substitute").

Plaintiff's motion to amend the complaint follows this Court's March 4 Ruling on Plaintiff's motion to substitute James P. Shanley for the late Michael Shanley. In that Ruling, reported at *Gothberg v. Town of Plainville*, No. 3:13cv01121 (CSH), 2015 WL 902539 (D. Conn. Mar. 4, 2015), we resolved to take Plaintiff's motion to substitute under advisement pending a hearing on that motion scheduled for June 2, 2015. We also directed Plaintiff "to serve the motion to substitute and 'notice of hearing' . . . on James P. Shanley . . . in the manner provided Rule 25(a)(3) and Rule 4" of the Federal Rules of Civil Procedure. 2015 WL 902539 at * 4; Doc. [77] at 7.

Our direction in that regard was in keeping with the strictures of Rule 25(a)(3) and Rule 4. Rule 25(a)(3) states, in relevant part: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3). Because James P. Shanley was (and remains) a nonparty, Plaintiff's service of the motion to substitute and the notice of hearing on James P. Shanley must be in compliance with Rule 4. Rule 4, which is captioned "Summons," states that a "summons must," *inter alia*, "be directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Rule 4 also requires that "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Rule 25(a)(3) and Rule 4 would seem to put a litigant moving to substitute a party-defendant with a nonparty in a nearly impossible situation. The Rules require the moving litigant to serve on the nonparty sought to be substituted: (1) a motion to substitute, (2) a notice of hearing on the motion to substitute, and (3) a summons and complaint naming as a *defendant* in the case the nonparty *sought* to be substituted. Considered together, Rule 25(a)(3) and Rule 4 beg the question: How can a nonparty be named as a defendant in the summons and complaint if the motion to substitute the nonparty as a party-defendant has not been granted by the Court?

In that regard, Rule 25(a)(3) is not without its flaws. It creates practical problems to the extent it requires service of the motion to substitute and notice of hearing to be effected in a manner that complies with Rule 4. Still, we think that Rule 25(a)(3) and Rule 4 in the context of serving a motion to substitute have an important and salutary purpose. Together, the Rules direct service of a summons and complaint on a nonparty — a prerequisite to this Court's personal jurisdiction — and, at the same time, provide the nonparty with not only notice of the hearing date on the motion to substitute, but also notice of the claims that could be filed against him. When Plaintiff first served the motion to substitute on James P. Shanley, the return of service indicated that James P. Shanley had no notice of the hearing date on the motion to substitute, no notice of the claims to be filed against him, and suggested no basis from which to conclude that the Court had personal jurisdiction over James P. Shanley. Doc. [76] at 7.

In these circumstances, we think the proper course was for Plaintiff to file the instant motion to amend the complaint so that a Ruling and Order could be fashioned directing Plaintiff to serve James P. Shanley with a summons and copy of the amended complaint. In light of the foregoing, the Court makes the following Ruling and Order:

1. Plaintiff's motion for leave to amend the complaint, doc. [88], is provisionally granted subject to the Court's disposition of the pending motion to substitute James P. Shanley for the late Michael Shanley, docs. [71] and [83]. Accordingly, Plaintiff's "Proposed Second Amended Complaint" at doc. [88-3] is hereinafter the operative complaint ("complaint"). If Plaintiff's motion to substitute James P. Shanley for the late Michael Shanley is denied, the Court will strike the complaint, doc. [88-3], remove James P. Shanley as a party-defendant, and restore the First Amended Complaint, doc. [47], as the operative complaint.

2. The motion to substitute (docs.[71] and [83]) remains under advisement pending the resolution of the hearing on that motion set for June 2, 2015, at 11:00 AM, in the 17th Floor Courtroom of the Connecticut Financial Center, New Haven CT, 06510.

3. Plaintiff is directed to serve the motion to substitute (docs. [71] and [83]) and the "notice of hearing" (docs. [77] and [78]) on James P. Shanley forthwith. Service shall be effected in the manner provided by Rule 25(a)(3) and Rule 4. This means that Plaintiff shall cause a summons to be issued for James P. Shanley, executor of the estate of Michael Shanley, and serve the summons on James P. Shanley with a copy of the complaint, doc. [88-3]. Plaintiff shall file and serve proof of service on counsel of record.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         May 6, 2015

/s/ *Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge